**CASE № 26-1961**

# United States Court of Appeals for the First Circuit

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS (BOSTON), CASE № 1:26-CV-12088**

**— APPELLANT'S NOTICE OF ERRATA, AND MOTION TO AMEND —**

Walter Tuvell, *Pro Se* (cf. Brief's Signature block) — *Plaintiff/Appellant*

—— *v.* ——

Christopher Haley (Husband/Father) ‖ Amanda Haley (Wife/Stepmother) ‖ Autumn Haley ((Step)-Daughter) ‖ Maureen Mulligan (Judge) ‖ Martha Brennan (Magistrate) ‖ James Budreau (Judge) ‖ Arthur Deguglielmo (Magistrate) ‖ Clerk_Name1 (Clerk) ‖ Clerk_Name2 (Clerk) ‖ Steve Pelland (Officer) ‖ Salvi LaVita (Officer) ‖ Shiloh Clark (Officer) ‖ Christopher Picco (Officer) ‖ Officer_Name1 (Officer) ‖ Officer_Name2 (Officer) ‖ Michael Lee (Officer) ‖ Benjamin Woodward (Officer) ‖ Guivenson Brizard (Officer) ‖ Josh Graciale (Officer) ‖ Matt Orr (Officer) ‖ Michael Fitzgerald (Officer) ‖ Benjamin Moffett (Officer) ‖ David Clark (Chief of Police) ‖ Christine Amendola (Deputy Chief of Police) ‖ Zachary Hillman (Judge) ‖ Kathleen McKeon (Magistrate) ‖ Julie Fedele-MacDonald (Magistrate) ‖ Julie Veno (Magistrate) ‖ Joseph Hurley (Judge) ‖ Jennifer Queally (Judge) ‖ Marianne Hinkle (Judge) ‖ Rachel Shute (ADA) ‖ Graham Van Epps (ADA) ‖ Intern_Name (Intern) ‖ Nick Pisegna (ADA) ‖ Marian T. Ryan (D.A.) ‖ Julian Gelly (ADA) ‖ Emily Acritelli (ADA) ‖ Mariadela Villegas-Barrientos (ADA) ‖ Thomas Ralph (ADA) ‖ Timothy Ferriter (ADA) ‖ Louis Castro (Officer) ‖ Connor McGrath (Officer) ‖ Gregory Post (Officer) ‖ Brian McManus (Officer) ‖ Jeffrey Carreau (Officer) ‖ Joyce Marino (Officer) ‖ Dennis Clough (Officer) ‖ Kyle Pangallo (Officer) ‖ Pierre Pires (Officer) ‖ Guard_Name1 (Officer) ‖ Guard_Name2 (Officer) ‖ Mary Heffernan (Judge) ‖ Henry Schultz (Magistrate) ‖ Bill Mitchell (Chief Probation Officer) ‖ Sarah Mead (Probation Officer) ‖ Michael Fabbri (Judge) ‖ Casey Berlo (Magistrate) ‖ Lawrence Okstein (Magistrate) ‖ Ellen Caulo (Judge) ‖ Jon Chalmers (Probation Officer) ‖ Juror_Name1 (Juror) ‖ Juror_Name2 (Juror) ‖ Juror_Name3 (Juror) ‖ Juror_Name4 (Juror) ‖ Juror_Name5 (Juror) ‖ Juror_Name6 (Juror) ‖ Juror_Name7 (Juror) ‖ Megan Rodriguez (Chief Probation Officer) ‖ Dave Collins (Asst. Chief Police) ‖ Ariane Vuono (Judge) ‖ Eric Neyman (Judge) ‖ Andrew D'Angelo (Judge) ‖ Sara Concannon DeSimone (CIU Director) ‖ First Assistant District Attorney (CIC Member) ‖ Chief of Appeals (CIC Member) ‖ Chief of the Cold Case Unit (CIC Member) ‖ Chief of Homicide (CIC Member) ‖ Senior Trial Counsel (CIC Member) ‖ Senior Appellate Counsel (CIC Member) ‖ Regional Chief, Cambridge (CIC Member) ‖ Regional Chief, Malden (CIC Member) ‖ Regional Chief, Framingham (CIC Member) ‖ Regional Chief, Lowell (CIC Member) ‖ Chief of Child Abuse (CIC Member) ‖ Chief of Elder and Disabled Abuse Unit (CIC Member) ‖ Chief of Special Investigations Unit (CIC Member) ‖ Kimberly S. Budd (Judge) ‖ Frank M. Gaziano (Judge) ‖ Scott L. Kafker (Judge) ‖ Dalila Argaez Wendlandt (Judge) ‖ Serge Georges, Jr. (Judge) ‖ Elizabeth N. Dewar (Judge) ‖ Gabrielle R. Wolohojian (Judge) ‖ Philip Arnel (Lawyer) ‖ Town of Reading MA ‖ City of Woburn, MA ‖ City of Newton, MA ‖ County of Middlesex, MA ‖ State of MA — *Defendants/Appellees*

# Introduction

1 *(i)* Plaintiff/Appellant Tuvell's **Opening/Principal Brief** (containing a **Supplement** and **Addendum**), was submitted(/"tendered") (electronically) on Oct 15 (2026), *(i′)* together with its accompanying (separate) **Appendix.** *(i″)* Those two documents were duly accepted(/"filed") on Oct 22, and *(i‴)* the required follow-up **paper hardcopies** were duly filed (in person) on Oct 27.[1] *(ii)* The **Briefing Schedule** (which had been established earlier, on Sep 22) called for *(ii′)* Defendants/Appellees' **Response Brief** (to Appellant's Brief) to be filed by Nov 16. *(ii″)* But none appeared; so any Response has been *(ii‴)* waived/forfeited (and so too, *(ii⁗)* no **Reply** (to Appellee's Response) is in order).

2 *(i)* However, in anticipation/preparation for a potential Response/Reply,[2] I did have occasion to re-read the Brief/Appendix — during which process I *(i′)* discovered a number of **errata** that I hadn't observed before. *(ii)* Though the errors I found are insubstantial/innocuous/obvious/trivial

---

1 *(i)* Nine paper hardcopies of the main *Brief* itself were filed, as required by 1CirLR 31.0(b). *(i′)* Note (this will be needed in items (ii″–ii⁗) below): I believe 1CirLR 31.0(b)'s comment to the effect that "the electronically filed brief counts as one copy," is *redundant* — for, *(i′α)* FRAP 25(a)(2)(B)(iv) already states that a "paper filed *electronically* is a *written paper* for purposes of these rules" (and, *(i′β)* Local Rules cannot override Federal Rules).

*(ii)* On the other hand, neither the Brief's subsidiary *Appendix*, nor *(a fortiori)* any paper hardcopies thereof, were *required* to be filed (because of Tuvell's *pro se* status, per 1CirLR 30.0(d)(1)). *(ii′)* Nevertheless, as a courtesy, the Appendix *was* filed (tendered/accepted, as stated in ¶1, and noted at Brief fn. 3 and BrApx p. 2(i)), and 4 hardcopies were filed on Oct 27. *(ii″)* That number (4) was derived from the language of 1CirLR 30.0(a) + FRAP 25(a)(2)(B)(iv) (as noted in item (i′) above). *(ii‴)* However, at the Oct 27 in-person meeting, I was told by the clerk that, while it was true that I *needn't* file any Appendix (nor hardcopies thereof) at all, *if* I opted to do so, the number of Appendix hardcopies *should be* 5, not 4. *(ii⁗)* Though it is my belief (both at that time (and now) that the clerk's advice requiring an additional copy was erroneous (according to reasoning derived from the just-stated items (i′,ii″) above), I nonetheless acquiesced without complaint, and submitted that additional copy (by U.S. mail, received by the clerk, and filed on Nov 4).

2 It may be recalled that I had some questions about the status of Defendants/Appellees (Brief p. 28 fn. 50), and consequently about their potential Response. I have subsequently come to learn (tentatively, via AI-based research) that the naming of Andrea Campbell was a mere technical formality, and that no Response was expected (or even possible, because she is not a Summoned/served/registered Defendant/Representative, and no formal offer/order for her to Respond was issued on the record by the Court).

(and, considering the circumstances, relatively few), and hence wouldn't cause anyone confusion, *(ii′)* I hereby fulfill my felt obligation (per, say, the Brief's Certification of Veracity, at Brief p. 26 ¶25(ii)) to **acknowledge** those shortcomings, and to *(ii″)* offer **ameliorations** (in the List of Errata below); and to *(ii‴)* move (in ¶3 below) to **amend** the Brief/Appendix accordingly.[3]

## LIST OF ERRATA

*《THIS NOTATION DENOTES COMMENTS》*

| WHAT | WHERE | FROM/OLD | TO/NEW |
|---|---|---|---|
| Brief BrApx | Cover pages | *《Line-spacing of header is too tight》* | *《Add a little more line-spacing, as exhibited by the instant document's cover page》* |
| Brief | p. 5 fn. 2 | **(capital-C) Com-plaint** | **(capital-C)Complaint** *《remove space char》* |
| Brief | p. 8 ¶10 | *《First 4 lines of ¶10》* | **Worst case of malicious prosecution/ weaponization by judges (and their co-horts/lackeys) on record.** Quintessential caricaturistic monstrosity of outrageous **governmental cancellation of justice.**[9] Kafka. Twilight Zone. Catch-22. Gaslighting. Hitler. Putin. Trump. MAGA. ***Viz:*** *《slight wording change, more consistent with the terse style of ¶10》* |
| Brief | p. 10 ¶11 | **or** *《at mid-paragraph beginning of line》* | **nor** *《better language usage》* |
| Brief | p. 12 fn. 12(v) | Complaint **natural** | Complaint as **natural** *《typo》* |
| Brief | p. 17 ¶15 | *(xi)*<br>*(xi′)* | *(ix)* *《misnumbering》*<br>*(ix′)* *《misnumbering》* |
| Brief | p. 18 ¶17(v) | **laws** | ***laws*** *《italics; parallel construction》* |
| Brief | p. 18 ¶18 | *fn*, 33 | fn. 33 *《italics and punctuation》* |
| Brief | p. 18 fn. 26 | That is,<br>Dkts | I.e., *《reword, to minimize re-formatting》*<br>Dkts. *《punctuation》* |
| Brief | p. 19 fn. 27 | top me | to me *《typo》* |
| Brief | p. 20 table | **23** | **23** *《box color should be gray, not black》* |
| Brief | p. 21 ¶20 | re-quoting | re-citing *《miswording》* |
| Brief | p. 23 ¶23(i) | particular case | **particular case** *《boldface》* |
| Brief | p. 24 ¶23(v) | **Reasoning** | *(v‴)* **Reasoning** *《missed numbering》* |

3 Compare this to the situation of the underlying Case's Dkt. 15–16 (see the top two entries of the table at Brief p. 20).

| WHAT | WHERE | FROM/OLD | TO/NEW |
|---|---|---|---|
| Brief | p. 25 ¶23 | **authority:** the | **authority.** The *⟪sentence too long⟫* |
| Brief | p. 25 ¶23 | principles, giving | principles. Giving *⟪sentence too long⟫* |
| Brief | p. 25 ¶23 | fn. 10. | fn 10. ***Sine qua non*** is more than aphorism, it's **mandate:** *⟪better wording⟫* |
| Brief | p. 25 ¶23 quotation | Those who | Those [judges] who *⟪clarification⟫* |
| Brief | p. 25 ¶23 quotation | particular cases | **particular cases** *⟪boldface⟫* |
| Brief | p. 23 fn. 43 | *⟪bogus footnote (anchor doesn't exist), and bogus wording⟫* | ***ERROR: BOGUS FOOTNOTE SHOULD NOT EXIST.—*** *This arose in original from a technical formatting difficulty (reproducing fn. 42, modulo slight wording difference). ⟪alternatively, fn. 43 should be removed entirely, and subsequent footnotes re-numbered; but that would be too disruptive, formatting-wise⟫* |
| Brief | p. 26, fn. 45 | (fn. 12(ii‴)) | (fn. 12(i″)) *⟪wrong citation⟫* |
| Brief | p. 26 fn. 46(i) | "measured," "points," | 'measured,' 'points,' *⟪single-quotes⟫* |
| Brief | p. 26 fn. 46(ii) last line | )https:// | (https:// *⟪punctuation typo⟫* |
| BrAdd | 34 ¶(c) | *⟪spacing above paragraph⟫* | *⟪add a little more space, for consistency⟫* |
| BrApx | 15 | Late breaking addition: | Late breaking addition (see BrApx 2 Note (ii‴)): *⟪clarification⟫* |

# MOTION TO AMEND

3 *(i)* I hereby **move** that I be granted allowance to file **amended versions** of my Brief/Appendix (which accompany the instant document), containing the corrections indicated in the preceding List of Errata (and *no other changes,* apart from an indication in their **1st-page headings** that they are in fact **{Amended}** versions) — with, however the *(i′)* **stipulation** that acceptance of this Motion **should not cause any delay in the course of this Appeal (say, by triggering a new round of Response/Reply).**[4] *(ii)* I also offer to submit **new paper hardcopies** (replacing the old ones) of

4 This stipulation bears no prejudice to Defendants, because none of the proposed corrections to errata modify the arguments/gist/thrust of the Brief/Appendix in any legally significant/meaningful way. (See also fn. 2.)

the amended Brief/Appendix, ***if* this Motion (item (i)) is accepted, and the Court so orders.**

## CERTIFICATIONS: VERACITY; (NO) SERVICE; SIGNATURE

4 I hereby verify that I am respectfully submitting this Notice, and signing it, under the pains and penalties of perjury (28 USC §1746). I have **not** formally served any Defendants/Appellees (nor their representatives) with this Notice (for the same reason as stated in the Brief ¶25(vi)).

WETuvell

Walter Tuvell, *Pro Se*
836 Main St.; Reading MA 01867
781-944-3617(h); 781-475-7254(c)
walt.tuvell@gmail.com
Sat Nov 21 2026