**CASE № 26-1961**

# United States Court of Appeals for the First Circuit

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS (BOSTON), CASE № 1:26-CV-12088**

**— APPELLANT'S NOTICE OF ERRATA, AND MOTION TO AMEND —**

Walter Tuvell, *Pro Se* (cf. Brief's Signature block) — *Plaintiff/Appellant*

—— *v.* ——

Christopher Haley (Husband/Father) ‖ Amanda Haley (Wife/Stepmother) ‖ Autumn Haley ((Step)-Daughter) ‖ Maureen Mulligan (Judge) ‖ Martha Brennan (Magistrate) ‖ James Budreau (Judge) ‖ Arthur Deguglielmo (Magistrate) ‖ Clerk_Name1 (Clerk) ‖ Clerk_Name2 (Clerk) ‖ Steve Pelland (Officer) ‖ Salvi LaVita (Officer) ‖ Shiloh Clark (Officer) ‖ Christopher Picco (Officer) ‖ Officer_Name1 (Officer) ‖ Officer_Name2 (Officer) ‖ Michael Lee (Officer) ‖ Benjamin Woodward (Officer) ‖ Guivenson Brizard (Officer) ‖ Josh Graciale (Officer) ‖ Matt Orr (Officer) ‖ Michael Fitzgerald (Officer) ‖ Benjamin Moffett (Officer) ‖ David Clark (Chief of Police) ‖ Christine Amendola (Deputy Chief of Police) ‖ Zachary Hillman (Judge) ‖ Kathleen McKeon (Magistrate) ‖ Julie Fedele-MacDonald (Magistrate) ‖ Julie Veno (Magistrate) ‖ Joseph Hurley (Judge) ‖ Jennifer Queally (Judge) ‖ Marianne Hinkle (Judge) ‖ Rachel Shute (ADA) ‖ Graham Van Epps (ADA) ‖ Intern_Name (Intern) ‖ Nick Pisegna (ADA) ‖ Marian T. Ryan (D.A.) ‖ Julian Gelly (ADA) ‖ Emily Acritelli (ADA) ‖ Mariadela Villegas-Barrientos (ADA) ‖ Thomas Ralph (ADA) ‖ Timothy Ferriter (ADA) ‖ Louis Castro (Officer) ‖ Connor McGrath (Officer) ‖ Gregory Post (Officer) ‖ Brian McManus (Officer) ‖ Jeffrey Carreau (Officer) ‖ Joyce Marino (Officer) ‖ Dennis Clough (Officer) ‖ Kyle Pangallo (Officer) ‖ Pierre Pires (Officer) ‖ Guard_Name1 (Officer) ‖ Guard_Name2 (Officer) ‖ Mary Heffernan (Judge) ‖ Henry Schultz (Magistrate) ‖ Bill Mitchell (Chief Probation Officer) ‖ Sarah Mead (Probation Officer) ‖ Michael Fabbri (Judge) ‖ Casey Berlo (Magistrate) ‖ Lawrence Okstein (Magistrate) ‖ Ellen Caulo (Judge) ‖ Jon Chalmers (Probation Officer) ‖ Juror_Name1 (Juror) ‖ Juror_Name2 (Juror) ‖ Juror_Name3 (Juror) ‖ Juror_Name4 (Juror) ‖ Juror_Name5 (Juror) ‖ Juror_Name6 (Juror) ‖ Juror_Name7 (Juror) ‖ Megan Rodriguez (Chief Probation Officer) ‖ Dave Collins (Asst. Chief Police) ‖ Ariane Vuono (Judge) ‖ Eric Neyman (Judge) ‖ Andrew D'Angelo (Judge) ‖ Sara Concannon DeSimone (CIU Director) ‖ First Assistant District Attorney (CIC Member) ‖ Chief of Appeals (CIC Member) ‖ Chief of the Cold Case Unit (CIC Member) ‖ Chief of Homicide (CIC Member) ‖ Senior Trial Counsel (CIC Member) ‖ Senior Appellate Counsel (CIC Member) ‖ Regional Chief, Cambridge (CIC Member) ‖ Regional Chief, Malden (CIC Member) ‖ Regional Chief, Framingham (CIC Member) ‖ Regional Chief, Lowell (CIC Member) ‖ Chief of Child Abuse (CIC Member) ‖ Chief of Elder and Disabled Abuse Unit (CIC Member) ‖ Chief of Special Investigations Unit (CIC Member) ‖ Kimberly S. Budd (Judge) ‖ Frank M. Gaziano (Judge) ‖ Scott L. Kafker (Judge) ‖ Dalila Argaez Wendlandt (Judge) ‖ Serge Georges, Jr. (Judge) ‖ Elizabeth N. Dewar (Judge) ‖ Gabrielle R. Wolohojian (Judge) ‖ Philip Arnel (Lawyer) ‖ Town of Reading MA ‖ City of Woburn, MA ‖ City of Newton, MA ‖ County of Middlesex, MA ‖ State of MA — *Defendants/Appellees*

# Introduction

1 *(i)* Plaintiff/Appellant Tuvell's **Opening/Principal Brief** (containing a **Supplement** and **Addendum**), was submitted(/"tendered") (electronically) on Oct 15 (2026), *(i′)* together with its accompanying (separate) **Appendix.** *(i″)* Those two documents were duly accepted(/"filed") on Oct 22, and *(i‴)* the required follow-up **paper hardcopies** were duly filed (in person) on Oct 27.[1] *(ii)* The **Briefing Schedule** (which had been established earlier, on Sep 22) called for *(ii′)* Defendants/Appellees' **Response Brief** (to Appellant's Brief) to be filed by Nov 16. *(ii″)* But none appeared; so any Response has been *(ii‴)* waived/forfeited (and so too, *(ii⁗)* no **Reply** (to Appellee's Response) is in order).

2 *(i)* However, in anticipation/preparation for a potential Response/Reply,[2] I did have occasion to re-read the Brief/Appendix — during which process I *(i′)* discovered a number of **errata** that I hadn't observed before. *(ii)* Though the errors I found are insubstantial/innocuous/obvious/trivial

---

1 *(i)* Nine paper hardcopies of the main *Brief* itself were filed, as required by 1CirLR 31.0(b). *(i′)* Note (this will be needed in items (ii″–ii⁗) below): I believe 1CirLR 31.0(b)'s comment to the effect that "the electronically filed brief counts as one copy," is *redundant* — for, *(i′α)* FRAP 25(a)(2)(B)(iv) already states that a "paper filed *electronically* is a *written paper* for purposes of these rules" (and, *(i′β)* Local Rules cannot override Federal Rules).

*(ii)* On the other hand, neither the Brief's subsidiary *Appendix*, nor *(a fortiori)* any paper hardcopies thereof, were *required* to be filed (because of Tuvell's *pro se* status, per 1CirLR 30.0(d)(1)). *(ii′)* Nevertheless, as a courtesy, the Appendix *was* filed (tendered/accepted, as stated in ¶1, and noted at Brief fn. 3 and BrApx p. 2(i)), and 4 hardcopies were filed on Oct 27. *(ii″)* That number (4) was derived from the language of 1CirLR 30.0(a) + FRAP 25(a)(2)(B)(iv) (as noted in item (i′) above). *(ii‴)* However, at the Oct 27 in-person meeting, I was told by the clerk that, while it was true that I *needn't* file any Appendix (nor hardcopies thereof) at all, *if* I opted to do so, the number of Appendix hardcopies *should be* 5, not 4. *(ii⁗)* Though it is my belief (both at that time (and now) that the clerk's advice requiring an additional copy was erroneous (according to reasoning derived from the just-stated items (i′,ii″) above), I nonetheless acquiesced without complaint, and submitted that additional copy (by U.S. mail, received by the clerk, and filed on Nov 4).

2 It may be recalled that I had some questions about the status of Defendants/Appellees (Brief p. 28 fn. 50), and consequently about their potential Response. I have subsequently come to learn (tentatively, via AI-based research) that the naming of Andrea Campbell was a mere technical formality, and that no Response was expected (or even possible, because she is not a Summoned/served/registered Defendant/Representative, and no formal offer/order for her to Respond was issued on the record by the Court).

(and, considering the circumstances, relatively few), and hence wouldn't cause anyone confusion, *(ii′)* I hereby fulfill my felt obligation (per, say, the Brief's Certification of Veracity, at Brief p. 26 ¶25(ii)) to **acknowledge** those shortcomings, and to *(ii″)* offer **ameliorations** (in the List of Errata below); and to *(ii‴)* move (in ¶3 below) to **amend** the Brief/Appendix accordingly.[3]

# LIST OF ERRATA

***《This Notation Denotes Comments》***

| What | Where | From/Old | To/New |
|---|---|---|---|
| Brief BrApx | Cover pages | *《Line-spacing of header is too tight》* | *《Add a little more line-spacing, as exhibited by the instant document's cover page》* |
| Brief | p. 5 fn. 2 | **(capital-C) Com-plaint** | **(capital-C)Complaint** *《remove space char》* |
| Brief | p. 8 ¶10 | *《First 4 lines of ¶10》* | **Worst case of malicious prosecution/ weaponization by judges (and their co-horts/lackeys) on record.** Quintessential caricaturistic monstrosity of outrageous **governmental cancellation of justice.**[9] Kafka. Twilight Zone. Catch-22. Gaslighting. Hitler. Putin. Trump. MAGA. ***Viz:*** *《slight wording change, more consistent with the terse style of ¶10》* |
| Brief | p. 10 ¶11 | **or** *《at mid-para-graph beginning of line》* | **nor** *《better language usage》* |
| Brief | p. 12 fn. 12(v) | Complaint **natural** | Complaint as **natural** *《typo》* |
| Brief | p. 17 ¶15 | *(xi)*<br>*(xi′)* | *(ix)* *《misnumbering》*<br>*(ix′)* *《misnumbering》* |
| Brief | p. 17 ¶17 | *fare-the-well* | *fare-thee-well* *《typo》* |
| Brief | p. 18 ¶17(v) | **laws** | ***laws*** *《italics; parallel construction》* |
| Brief | p. 18 ¶18 | *fn,* 33 | fn. 33 *《italics and punctuation》* |
| Brief | p. 18 fn. 26 | That is,<br>Dkts | I.e., *《reword, to minimize re-formatting》*<br>Dkts. *《punctuation》* |
| Brief | p. 19 fn. 27 | top me | to me *《typo》* |
| Brief | p. 20 table | **23** | **23** *《box color should be gray, not black》* |
| Brief | p. 21 ¶20 | re-quoting | re-citing *《miswording》* |
| Brief | p. 23 ¶23(i) | particular case | **particular case** *《boldface》* |
| Brief | p. 24 ¶23(v) | **Reasoning** | *(v‴)* **Reasoning** *《missed numbering》* |
| Brief | p. 25 ¶23 | **authority:** the | **authority.** The *《sentence too long》* |

3 Compare this to the situation of the underlying Case's Dkt. 15–16 (see the top two entries of the table at Brief p. 20).

| WHAT | WHERE | FROM/OLD | TO/NEW |
|---|---|---|---|
| Brief | p. 25 ¶23 | principles, giving | principles. Giving *⟪sentence too long⟫* |
| Brief | p. 25 ¶23 | fn. 10. | fn 10. ***Sine qua non*** is more than aphorism, it's **mandate:** *⟪better wording⟫* |
| Brief | p. 25 ¶23 quotation | Those who | Those [judges] who *⟪clarification⟫* |
| Brief | p. 25 ¶23 quotation | particular cases | **particular cases** *⟪boldface⟫* |
| Brief | p. 23 fn. 43 | *⟪bogus footnote (anchor doesn't exist), and bogus wording⟫* | ***ERROR: BOGUS FOOTNOTE SHOULD NOT EXIST.—*** *This arose in original from a technical formatting difficulty (reproducing fn. 42, modulo slight wording difference). ⟪alternatively, fn. 43 should be removed entirely, and subsequent footnotes re-numbered; but that would be too disruptive, formatting-wise⟫* |
| Brief | p. 26, fn. 45 | (fn. 12(ii‴)) | (fn. 12(i″)) *⟪wrong citation⟫* |
| Brief | p. 26 fn. 46(i) | "measured," "points," | 'measured,' 'points,' *⟪single-quotes⟫* |
| Brief | p. 26 fn. 46(ii) last line | )https:// | (https:// *⟪punctuation typo⟫* |
| BrAdd | 34 ¶(c) | *⟪spacing above paragraph⟫* | *⟪add a little more space, for consistency⟫* |
| BrApx | 15 | Late breaking addition: | Late breaking addition (see BrApx 2 Note (ii‴)): *⟪clarification⟫* |

# MOTION TO AMEND

3 *(i)* I hereby **move** that I be granted allowance to file **amended versions** of my Brief/Appendix (which accompany the instant document), containing the corrections indicated in the preceding List of Errata (and *no other changes,* apart from an indication in their **1st-page headings** that they are in fact **{Amended}** versions) — with, however the *(i′)* **stipulation** that acceptance of this Motion **should not cause any delay in the course of this Appeal (say, by triggering a new round of Response/Reply).**[4] *(ii)* I also offer to submit **new paper hardcopies** (replacing the old ones) of the amended Brief/Appendix, ***if*** **this Motion (item (i)) is accepted, and the Court so orders.**

4 This stipulation bears no prejudice to Defendants, because none of the proposed corrections to errata modify the arguments/gist/thrust of the Brief/Appendix in any legally significant/meaningful way. (See also fn. 2.)

# CERTIFICATIONS: VERACITY; (NO) SERVICE; SIGNATURE

4 I hereby verify that I am respectfully submitting this Notice, and signing it, under the pains and penalties of perjury (28 USC §1746). I have **not** formally served any Defendants/Appellees (nor their representatives) with this Notice (for the same reason as stated in the Brief ¶25(vi)).



Walter Tuvell, *Pro Se*
836 Main St.; Reading MA 01867
781-944-3617(h); 781-475-7254(c)
walt.tuvell@gmail.com
Mon Nov 23 2026[5]

5 The ***preceding iteration*** of **this document** (together with its **accompanying amended Brief/Appendix**) was submitted(/“tendered”) to the Court just two days ago (Sat Nov 21). But then, later that day, an additional erratum was discovered (the entry in the List of Errata above, for Brief p. 17 ¶17 “fare-the-well”). That entry in the table is the ***only difference*** between that earlier submission and this one (other than this document’s *date,* and this *footnote*). It is **intended/hoped** that ***this iteration completely replace*** (with its accompanying/corresponding amended Brief/Appendix) that previous iteration, **“as if”** that previous iteration **never existed** (though, I understand that previous iteration may need to linger in place, for full database/record administration/management reasons).